UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TONY RAMOS,

           Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.

05 Civ. 4961 (SCR)(GAY)
01 Cr. 217 (SCR)

ORDER ACCEPTING REPORT
AND RECOMMENDATION

---

STEPHEN C. ROBINSON, District Judge:

    This case was referred to Magistrate Judge George A. Yanthis for issuance of a Report and Recommendation. *Pro se* Petitioner Tony Ramos ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this Court affirms Judge Yanthis's Report and Recommendation denying Petitioner's application for a writ of habeas corpus.

## I. BACKGROUND

    Petitioner was convicted on April 24, 2002 of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine (21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846), conspiracy to launder money (18 U.S.C. § 1956(h)), six counts of substantive money laundering (18 U.S.C. §§ 1956(a)(1)(B)(i) and (ii)) and five counts of structuring currency deposits into bank accounts in order to evade transaction reporting requirements (31 U.S.C. § 5324(a)(3)). After the trial, the Court held a *Fatico* hearing to determine the amount of cocaine that was implicated in Petitioner's offense in order to calculate an appropriate Sentencing

Guidelines range. At the hearing, the Court found Petitioner and his co-defendant, Jose Velazquez ("Velazquez"), contemplated a conspiracy involving at least three and one-half kilograms of cocaine. Petitioner was then sentenced to 108 months imprisonment.

Petitioner appealed his conviction to the Second Circuit on the ground that he was denied a fair trial because the prosecutor's remarks during his opening statement were unduly prejudicial. The Second Circuit affirmed the conviction on April 1, 2004. Petitioner filed a § 2255 motion to vacate his sentence on May 24, 2005.

## II.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1)(C). Since Petitioner in the instant case made a timely objection to the Report and Recommendation, this Court is required to make a *de novo* determination as to the aspects of the Report and Recommendation to which objections were made. *Id.*; *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

As Petitioner is a *pro se* litigant, this Court will construe his arguments to make the strongest arguments they suggest. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Petitioner objects to the Report and Recommendation on three grounds. First, Petitioner objects to Judge Yanthis's finding that he cannot substantiate a claim for ineffective assistance of counsel during the plea process. Second, Petitioner objects to Judge Yanthis's finding that *U.S. v. Booker*, 543 U.S. 220 (2005), is not retroactive to the Petitioner's case, and argues that the

petition should not be received until the Supreme Court decides *Burton v. Waddington*, 126 S. Ct. 2352 (2006) (granting petition for writ of certiorari). Finally, Petitioner objects to the Report and Recommendation and reasserts his remaining claims because he believes the Report and Recommendation to be inconsistent with Petitioner's allegations, evidence, and various legal arguments. The Court has interpreted Petitioner's third objection to include his ineffective assistance of counsel during appeal claim, *Apprendi* claim, due process claim and all remaining claims. These issues all will be reviewed *de novo*.

### III.   DISCUSSION

A.   <u>Ineffective Assistance of Counsel During Plea Process</u>

To succeed on a petition for habeas corpus based upon a claim of ineffective assistance of counsel, the petitioner must show 1) that his attorney performed "below an objective standard of reasonableness" and 2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir. 1990) (applying *Strickland* to claims for ineffective assistance of appellate counsel). Petitioner must satisfy both prongs of the *Strickland* test. *See U.S. v. Campbell*, 300 F.3d 202, 214 (2d Cir. 2002). Furthermore, "[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001).

Petitioner argues that he would have pleaded guilty but for the advice of his attorney, Jeffrey Cohn ("Cohn"), who urged him to proceed to trial. According to *Strickland*, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions

of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. 668, 690. Petitioner has identified several alleged acts and omissions in his affidavit: 1) Cohn advised petitioner that the government had no evidence; 2) Cohn did not advise petitioner that there was "virtually no chance [he] could prevail at trial"; and 3) Cohn did not advise petitioner that the evidence against him was "overwhelming." Aff. of Petitioner at 1. Under the *Strickland* standard's first prong, the court is responsible for "determin[ing] whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. 668, 690. As *Strickland* instructs, we must presume counsel's conduct fell within the wide range of reasonable professional assistance, and Petitioner has the burden to prove otherwise. *Id*.

Taken together, Cohn's actions and inactions do not fall below an objective standard of reasonableness. The motions, files, and record demonstrate that Cohn's conduct and advice during the plea agreement constitutes professionally competent assistance. Petitioner's claim rests on the allegation that Cohn's advice influenced Petitioner's decision to go to trial. However, Petitioner fails to show how Cohn's counsel was unreasonable. Based on the affidavits submitted, it appears the problem in this case was not that Cohn's counsel was unreasonable but that Petitioner either misconstrued or ignored his advice.

Petitioner cites *Borea v. Keane*, 99 F.3d 492 (2d Cir. 1996), in his objection to the Report and Recommendation to support the sufficiency of his ineffective assistance claims. However, *Borea* only applies to similar cases with similar facts, and does not establish *per se* rules for identifying ineffective advice of counsel. Moreover, *Borea* and this case are demonstratively dissimilar. First, in *Borea*, defendant's counsel failed to advise, give any opinion or make any

suggestion on how to deal with the plea agreement. *Id.* at 495. Conversely, in the instant case Cohn's affidavit suggests that Petitioner received counsel regarding the plea agreement:

> 5. I discussed the possibility of a plea agreement with Mr. Ramos, and also discussed the possible perils of proceeding to trial. At no time did I advise Mr. Ramos either directly, or in sum and substance, that the Government did not have a case or that he "was going to win" at trial. I had several discussions with Mr. Ramos about the advantages of a possible plea agreement, the defenses that I would use at trial, and my evaluation of the Government's evidence. I left the decision of whether to plead guilty or proceed to trial to be made by Mr. Ramos, and Mr. Ramos alone. Throughout all of my consultations and conversations, it was always Mr. Ramos's desire to go to trial.

Cohn Aff. at 2.

Furthermore, it can be understood from Petitioner's affidavit and inferred from the rest of Petitioner's papers that Cohn conferred with Petitioner about the plea agreements. For example, the Petitioner stated in his affidavit that, "Cohn did advise me both prior to trial and during trial that the government had virtually no evidence against me for trial." Aff. of Petitioner at 1. Also, Petitioner stated that, "Cohn did not advise that there was virtually no chance I could prevail at trial." Id. Even if taken to be true, Petitioner's statements that Cohn did not advise that he would not prevail at trial and did advise that there was no evidence do not mean Cohn failed to counsel Petitioner during the plea practice. On the contrary, these statements illustrate portions of Cohn's discussions with Petitioner. Additionally, in *Purdy v. U.S.*, 208 F.3d 41 (2d Cir. 2000), the Second Circuit stated "reasonable professional conduct does not under all circumstances require a lawyer to give an explicit opinion as to whether a client should take a plea offer." *Id.* at 48. And as previously stated, under *Strickland*, an attorney's counsel is presumed to be reasonable. Essentially, Petitioner is "cherry picking" statements from his plea discussions with Cohn to attempt to prove unreasonableness.

Petitioner also puts forth *U.S. v. Gordon*, 156 F.3d 376 (2d Cir. 1998), in support of his position. *Gordon*, however, is significantly different from the instant case. There, defense counsel mistakenly calculated the sentencing range when considering the plea agreement. Defense counsel's blatant error in that case clearly met both prongs of the *Strickland* standard. *Id*. at 380. Here, there was no blatant error of the sort described in *Gordon*.

Petitioner contends that he is entitled to an evidentiary hearing pursuant to § 2255, and *U.S. v. Ciak*, 59 F.3d 296 (2d Cir. 1995). Section 2255 states "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief the court shall…grant a prompt hearing…[to] determine the issues and make findings of fact and conclusions of law with respect thereto." According to *Ciak*, Petitioner would be entitled to a hearing if he alleged facts, which if found to be true, would entitle him to habeas relief. *Ciak*, 59 F.3d 296, 307. However, Petitioner has not alleged facts that would entitle him to habeas relief because counsel's actions here would not be considered unreasonable pursuant to *Strickland*. Here, there is no question of material fact that would necessitate a hearing. Petitioner's disputed claims regarding Cohn's actions, even if viewed in the light most favorable to Plaintiff, would not warrant habeas relief and therefore do not merit a hearing. Petitioner's claims regarding Cohn's omissions are uncontested by Cohn's affidavit and consequently do not require an evidentiary hearing. Moreover, Petitioner's claims in his affidavit of Cohn's omissions are insufficient because they do not substantively contradict Cohn's declarations.

The objective of the Sixth Amendment is to ensure the right to a fair trial. The *Strickland* Court said that "in adjudicating a claim of actual ineffectiveness of counsel, a court should keep in mind that the principles we have stated do not establish mechanical rules…. The ultimate focus of inquiry must be on the fundamental fairness of the proceeding." *Strickland*, 466 U.S. at

6

696. In accordance with the standard promulgated in *Strickland*, Petitioner's claim of ineffective assistance of counsel during the plea process is denied.

B.      *Blakely* and *Booker*

Petitioner argues that Judge Yanthis was incorrect in recommending that *Booker* is not retroactively applicable to his case. Petitioner requests the Court to wait until *Burton v. Waddington* is decided by the Supreme Court to determine whether *Booker* should be applied retroactively. As it happens, in *Burton v. Stewart*, 127 S. Ct. 793 (2007), the Supreme Court vacated the Ninth Circuit's decision in *Burton v. Waddington* and remanded the case to the district court with instructions to dismiss the habeas petition for lack of jurisdiction. Accordingly, this Court will apply current law pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*.

*Blakely* formally applied the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the State of Washington's sentencing regime that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). Here, Petitioner's sentence does not exceed the maximum statutory sentence. Furthermore, *Blakely* left open the issue of whether it applied to the federal Sentencing Guidelines. Therefore, *Blakely* is inapplicable to the Petitioner's claim.

In *Booker,* the Supreme Court extended the rationale of *Blakely* to the federal Sentencing Guidelines, but as the Second Circuit has already stated, *Booker* "is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* was issued." *Guzman v. U.S.*, 404 F.3d 139, 144 (2d Cir. 2005).

7

Petitioner's conviction became final on or about July 1, 2004, at the expiration of his time for filing a petition for writ of certiorari. *See Clay v. U.S.*, 537 U.S. 522 (2003).

Petitioner's motion to vacate on the ground that his sentence violates *Blakely* and *Booker* is denied for the aforementioned reasons.

C.   *Apprendi*

Petitioner contends that his sentence violates his Fifth and Sixth Amendment rights because the trial judge made a drug quantity determination when imposing petitioner's sentence. Petitioner argues that his sentence violates the Supreme Court's holding in *Apprendi* because he was convicted and sentenced without a specific allegation of drug quantity in the indictment or a jury finding of drug quantity. The rule announced in *Apprendi* was "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Subsequent to *Apprendi*, the Second Circuit stated in *United States v. Cordoba-Murgas*, 422 F.3d 65, 71 (2d Cir. 2005), that the district court has "the authority to make factual findings as to drug quantity for use in sentencing, so long as the resulting sentence does not exceed the applicable statutory maximum." Again, Petitioner's sentence here does not exceed the statutory maximum. As a result, Petitioner's motion to vacate on the ground that his sentence violates *Apprendi* is denied.

D.   Due Process

Petitioner argues that his sentence violated due process because he was sentenced prior to the decision in *Booker*, which altered the Sentencing Guidelines from being mandatory to

8

advisory. As stated above, *Booker* is inapplicable to this case because *Booker* is not retroactive to cases on collateral review that were final as of January 12, 2005. Therefore, Petitioner's motion to vacate on the ground that his sentence violates due process is denied.

E.    Ineffective Assistance of Counsel During Appeal

Petitioner claims ineffective assistance of counsel during the appeal process because counsel failed to bring an *Apprendi* claim. Pursuant to *Smith v. Robbins*, 528 U.S. 259, 288 (2000), appellate counsel is not required to raise every non-frivolous claim and can assert the claims that counsel determines to have the greatest potential for success. Nevertheless, in *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994), the Second Circuit stated that "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." In this case, Petitioner argues that appellate counsel should have raised an *Apprendi* claim when in fact Petitioner did not have an adequate *Apprendi* claim to raise. Petitioner's original sentence would not be subject to *Apprendi* because it did not exceed the statutory maximum. Therefore, appellate counsel's decision not to make an *Apprendi* claim was reasonable. As a result, Petitioner's claim of ineffective assistance of appellate counsel does not meet the first prong of the *Strickland* standard and his motion to vacate must be denied on this ground.

F.    Remaining Allegations

Petitioner reasserts all of his remaining allegations as objections to the Report and Recommendation. As described in Judge Yanthis's Report and Recommendation, however, Petitioner's allegations are vague, conclusory and/or unsubstantiated. Petitioner alleges that

9

defense counsel failed to timely request appropriate jury instructions. However, Petitioner neglects to state which instructions form the basis of his claim. Petitioner also alleges that defense counsel failed to: 1) investigate or present evidence material to petitioner's sentencing; 2) object to unlawful, false and unreliable evidence used to determine petitioner's sentence; and 3) move for appropriate downward departure during the sentencing process. In addition, Petitioner alleges that his counsel had a conflict of interest. Petitioner does not support these allegations with material facts in any of his court papers. Petitioner's motion to vacate cannot be supported by these shallow allegations, and therefore is denied.

## IV. CONCLUSION

Based on the foregoing, Judge Yanthis's well reasoned Report and Recommendation is AFFIRMED and Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of any constitutional rights, a certificate of appealability will not issue as to Petitioner's claims. *See Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444 (1962).

The Clerk of the Court is directed to close this case.

Dated: October 16, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge